NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON



Eastern District of Kentucky
FILED
NOV 7 - 2006
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-196-DLB

TERRILL GOODS                                                                                          PLAINTIFF

VS:                 **MEMORANDUM OPINION AND ORDER**

GREGORY M. BARTLETT, ET AL.                                    DEFENDANTS

\* \* \* \* \* \*

Terrill Goods, an individual confined at the Bell County Forestry Camp in Pineville, Kentucky, has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. §1983, together with an application to proceed *in forma pauperis*. The motion will be granted by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

## CLAIMS

The plaintiff claims that the defendants conspired together to violate his federal and state rights in a criminal prosecution because of his race.

## NAMED DEFENDANTS

The plaintiff names three defendants: Gregory M. Bartlett, identified as Kenton Court Judge; Brian Valenti, a Kenton County Police Officer; and Mike Hummel, a public advocate supplied to the plaintiff by the Kentucky Department of Public Advocacy in Covington, Kentucky.

## FACTUAL ALLEGATIONS

The following is a summary or construction of the plaintiff's factual allegations, as contained in two partially completed complaint forms and attached documents. Record No. 2.

The plaintiff alleges that on January 9, 2006, Judge Bartlett conspired with Attorney Hummel "by agreeing with Hummel that he should not give me a chance to hire my own legal help." He states that "racism was the motivating factor for this conspiracy." The judge is also alleged to have knowingly permitted Valenti to give false testimony about having a valid search warrant, thereby securing the plaintiff's conviction through perjury. "If given my by law [sic] to a lawyer I would be free!"

Goods attaches to each complaint form a two-page detailed list of what each defendant purportedly did to violate his rights, listing 8 separate actions by Bartlett, 4 by Valenti, and 3 by Hummel. On these pages, he also includes a description of 3 complained-of actions by a "Defendant Pisacano" and also 3 by "Defendant Trish Brunk," who had not been named in the body of the complaints. An attached copy of a Judgment and Sentence, in *Commonwealth v. Goods*, Kenton Circuit Court No. 05-CR-00142, reveals that Pisacano was Goods' attorney at the time of his guilty plea and sentencing therein on June 15, 2005. The plaintiff claims that Pisacano "[t]ricked me into coping out to a Recieving [sic] Stolen Property charge." Another attachment, a letter from Brunk dated December 13, 2005, shows that Brunk was a public advocate representing the plaintiff at the end of 2005, while Goods was trying to secure release on bond and deciding on whether to hire private counsel. The nature of the pending criminal matter at the end of 2005 is not identified.

As to the relief requested, the plaintiff demands that the defendants be removed from their positions and that they provide him with a monetary award.

## DISCUSSION

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or

laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

The law is well settled that attorneys, even including public defenders who are paid by the state, are not state actors against whom claims can be asserted under §1983. *See Polk v. Dodson*, 454 U.S. 312, 318 (1981); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998). See also unpublished Sixth Circuit decisions affirming the dismissal of §1983 civil suits because defense attorneys do not qualify as "state actors": *White v. Robertson-Deming*, 9 Fed. Appx. 418, 2001 WL 549211 (6th Cir. 2001); *Thomas v. Pugh*, 9 Fed. Appx. 370, 2001 WL 522437 (6th Cir. 2001); *West v. Lambert*, 3 Fed. Appx. 440, 2001 WL 128358 (6th Cir. 2001).

Based upon this authority, the plaintiff's constitutional claims against his attorneys lack any jurisdictional basis under 42 U.S.C. §1983 and must be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. §1915(e). Therefore, the instant §1983 lawsuit cannot go forward against three of the defendants, *i.e.*, Hummel, Pisacano, and Brunk.

With regard to the remaining defendants, the plaintiff seeks their removal from office. However, it is not the province of the Court to remove an elected judge or hired police officer from their jobs based upon their purported illegal activities. To the extent the plaintiff wishes for them to defend the actions committed in the name of their employment, he also mis-perceives the role of the Court. The Court cannot decide to prosecute them. Violations of state and federal statutes do not provide for private causes of action; authority to initiate criminal complaints rests exclusively

3

with state and federal prosecutors. *Sahagian v. Dickey,* 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *Kennedy v. Anderson,* 373 F. Supp. 1345, 1346 (E.D. Okla. 1974).

To the extent that the plaintiff seeks damages from the remaining defendants, his claim lacks merit. First, all judges are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. §1983 if the complained-of act was not taken in the clear absence of all jurisdiction and if the complained-of act was a judicial act (the function was normally one performed by a judge and the parties dealt with the judge in his or her judicial capacity). *See Pierson v. Ray,* 386 U.S. 547, 553-555 (1967); *see also Stump v. Sparkman,* 435 U.S. 349, 356-362 (1978). Absolute judicial immunity is not diminished even if the judge's exercise of authority is flawed or if there are procedural errors. *Stump v. Sparkman,* 435 U.S. at 359. Having alleged that all of the complained-of actions were judicial acts, the plaintiff cannot obtain damages from Judge Bartlett.

With regard to the damages sought from Officer Valenti, the Court examines the plaintiff's allegation that the officer's actions, such as lying under oath and making an illegal arrest, were motivated by racial bias. "To state a claim under the equal protection clause, a §1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097, 1111 (6th Cir. 1995). The instant plaintiff has not identified his own race. Even were the Court to construe that he is in a protected class, however, the plaintiff has not provided any facts (no alleged act or comment or indication) which would suggest that the listed actions were racially motivated. An equal protection claim which is not supported by factual allegations is dismissible as being only conclusory. *See Blackburn v. Fisk University,* 443 F.2d 121 (6th Cir. 1971). Therefore, the discrimination claim against Defendant Valenti must be dismissed.

4

To the extent that the plaintiff seeks damages from Officer Valenti for subjecting him to an illegal arrest and ultimate conviction, regardless of motive, Goods' complaint is premature, at best. The Supreme Court of the United States has explained that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This has been called the "favorable termination rule."

Shortly after the Supreme Court's *Heck* decision came *Schilling v. White*, 58 F.3d 1081 (6th Cir. 1995), a 1983 action for damages for an illegal search of plaintiff's car which resulted in plaintiff's being charged with driving under the influence of drugs. The district court declared it would dismiss without prejudice unless "plaintiff amends the complaint to allege that he suffered no criminal conviction as the result of the alleged illegal...search and seizure or that such conviction has been set aside...." *Id.* at 1083. Schilling responded by admitting that he had pleaded guilty to driving under the influence and had been unable to overturn the conviction. The district court then dismissed his suit "without prejudice until such time as [Schilling's] conviction is set aside." More recently, the use of *Heck*'s favorable termination rule to bar an excessive force claim has been examined and applied in *Ruiz v. Martin*, 72 Fed.Appx. 271 (6th Cir. 2003) (citing *Huey v. Stine*, 230

5

F.3d 226, 230-31 (6th Cir. 2000)).

Applying *Heck* and its progeny to this case, the Court concludes that a judgment in favor of the plaintiff, on his claims against Valenti for his part in obtaining his conviction, would necessarily imply that the conviction is illegal. Thus, Petitioner Goods' claims against this sole remaining defendant are not yet cognizable under 42 U.S.C. §1983, and dismissal, without prejudice, is required until a favorable judicial determination occurs.

## CONCLUSION

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** that this action will be **DISMISSED**, *sua sponte,* from the docket of the Court and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This __7TH__ day of November, 2006.

Signed By:
David L. Bunning
United States District Judge

6